# EXHIBIT A



**FIRST COAST**
SERVICE OPTIONS, INC.
WHEN EXPERIENCE COUNTS & QUALITY MATTERS

Medicare Provider Enrollment

June 24, 2014

Rafael M Vilar
Calle Cosme
Reparto San Lucas, Entrada Sector Canejas
San Juan, PR  00926-5955

CCN:  921409105792-001
PTAN:
NPI:  1376556571

Dear Millennium Institute for Advance Nursing Care Inc:

First Coast Service Options, Inc. has assessed your Medicare enrollment application and has forwarded it to the Medicare Division at Bayamon, Puerto Rico. A copy has also been sent to the Division of Survey & Certification Regional Office of the Centers for Medicare & Medicaid Services (CMS).

The next step will be a survey conducted by a State Survey Agency or a CMS approved deemed accrediting organization to ensure compliance with the required conditions of coverage.

After the CMS Regional Office determines whether all conditions of coverage are met, we will send you our decision.

If this request is for a change of ownership, please remember that payments cannot be made to the new owner until the CMS Regional Office has forwarded the Tie-In Notice to First Coast Service Options, Inc.

If you have any questions concerning this letter, please contact Carmen Maritza Rivera Rosado, RN at Director, Medicare Division
1090 Marginal Ruiz Soler
Bayamon, Puerto Rico 00961-7329.

Sincerely,

Anna Anderson

*A CMS-Contracted Medicare Administrative Contractor*



Medicare Provider Enrollment

# FAX

To :17877206072                                        Date :06/24/14

From :Anderson, Anna

Subject :Millennium Institute for Advance Nursing Care Inc

Total number of pages :3

PRIVILEGED AND CONFIDENTIAL

THIS FAX AND ANY FILES TRANSMITTED WITH IT MAY BE CONFIDENTIAL AND INTENDED
SOLELY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM THEY ARE ADDRESSED. THIS
COMMUNICATION MAY CONTAIN MATERIAL THAT IS PRIVILEGED, ATTORNEY WORK PRODUCT,
OR PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU HAVE RECEIVED THIS
MESSAGE IN ERROR, OR ARE NOT THE NAMED RECIPIENT, PLEASE (1) BE ADVISED THAT ANY
USE, DISSEMINATION, FORWARDING, PRINTING, OR COPYING OF THIS FAX IS STRICTLY
PROHIBITED; AND (2) IMMEDIATELY DESTROY THIS FAX AND NOTIFY ME BY TELEPHONE AT
888-845-8614.  THANK YOU.

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
Jacob K. Javits Federal Building, Room 37-130
26 Federal Plaza
New York, NY 10278-0063



## Northeast Division of Survey & Certification

December 8, 2014

By Certified Mail & Fax:
Email: JJrh53@gmail.com
aprodriguez@mifanc.com

Juan Jose Rodriguez
President
The Millennium Institute for Advance Nursing Care
Suite 112 MSC 404
San Juan, PR 00926-5955

Re: Reasonable Assurance

Dear Mr. Rodriguez:

Effective March 1, 2014, the Medicare provider agreement of The Millennium Institute for Advance Nursing Care was terminated. You have now applied for re-admission as a Medicare provider following this termination action.

As you are aware, under controlling Medicare requirements at 42 U.S.C. § 1395cc(c)(1) and 42 C.F.R. § 489.57, when a provider agreement is terminated by the Centers for Medicare & Medicaid Services (CMS), a new agreement will not be accepted until it has been determined that the reason for the termination of the agreement has been removed and there is a reasonable assurance that it will not recur. These provisions are referred to as the "reasonable assurance" requirement.

By letter of August 22, 2014, you were informed of the process through which CMS determines whether the "reasonable assurance" requirement has been met, and thus how it is determined whether to accept your application for re-admission as a Medicare provider following termination. More particularly, you were notified through this letter dated August 22, 2014, that once terminated, your facility must demonstrate that substantial compliance with the federal Medicare requirements at 42 C.F.R. Part 483 can be maintained for at least one hundred twenty (120) consecutive days--a period of time denoted as your facility's reasonable assurance period. Substantial compliance with these applicable participation requirements for nursing homes will be verified by surveys conducted at the beginning and after the conclusion of the reasonable assurance period.

On November 17, 2014, the first reasonable survey was completed. After review of all the documentation relating to this survey, we have concluded that The Millennium Institute for Advance Nursing Care was in substantial compliance with nursing home participation requirements. Accordingly, the second reasonable assurance survey will be scheduled after the conclusion of the reasonable assurance period.

2

If at that time, it is determined that your facility remains in substantial compliance with the Medicare participation requirements for nursing homes, and it is otherwise determined that you have demonstrated your ability to comply with all pertinent requirements of Title XVIII of the Social Security Act (Subparts A & B of 42 C.F.R. Part 489) and fulfilled (or made satisfactory arrangements to fulfill) all of the statutory and regulatory responsibilities of your previous provider agreement (42 C.F.R. § 489.57(b)), this office will conclude that you have met the "reasonable assurance" requirement at 42 U.S.C. § 1395cc(c)(1) and 42 C.F.R. § 489.57 and will approve your application for re-admission as a Medicare provider following termination. The effective date of such re-admission will begin only after CMS has determined that you have complied with the "reasonable assurance" requirement, and therefore, will not begin until after the conclusion of the second reasonable assurance survey which documents your facility's continued substantial compliance with applicable Medicare participation requirements throughout the designated reasonable assurance period. Cf. 42 C.F.R. § 489.13.

If, however, it is determined that your facility is not in substantial compliance with the applicable participation requirements at 42 C.F.R. Part 483 at the time of the second reasonable assurance survey, or it is otherwise determined that you have not met the "reasonable assurance" requirement, your application for re-admission to the Medicare program after termination will be denied. Such a decision by CMS is not reviewable under 42 C.F.R. Part 498. See 42 C.F.R. § 498.3(d)(4). Should your application for re-admission be denied, you will be so notified and given another opportunity to reapply for re-admission as a Medicare provider following termination. That notice will provide you appropriate information regarding the application of the "reasonable assurance" requirement to any such further request for re-admission.

If you have any questions, please contact Luz Sanchez of my staff at (212) 616-2325 or email at Luz.Sanchez@cms.hhs.gov.

Sincerely,

*Lauren Vach* FOR:

Lauren Reinertsen, MPA, PhD, NHA
Manager
Certification Branch
Division of Survey & Certification

cc: State Survey Agency