# IN THE UNITED STATES BANKCRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No.: 12-02689 BKT |
| THE MILLENNIUM INSTITUTE FOR ANC, INC. | Chapter 11 |
| Debtor | |

## REPLY TO MOTION FILED BY THE MUNCIPALITY OF SAN JUAN (DOCKET #355) AND REQUEST OF EXTENSION OF TIME IN ORDER TO ASCERTAIN THE MUNICIPALITIE'S POSITION TO THE OFFER PROPOSED AND SUBMITTED

TO THE HONORABLE COURT:

COMES NOW, the **MILLENIUM INSTITUTE FOR ANC, INC.** (here in "Millennium Institute"), represented by the undersigned counsel, and very respectfully states and prays:

I. **Procedural Background**

1.1 On April 5th, 2012 Debtor filed a petition of relief under Chapter 11.

1.2 The Plan of Reorganization was filed on May 3, 2013(docket #18) and later amended on August 18, 2013(docket # 174).

1.3 An Order finally approving the Disclosure Statement and confirming the Plan of Reorganization was by this Honorable Court on March 12, 2014(Docket# 240).'

1.4 The Plan and the order confirming it are dispositions *in rem*. *Central Virginia Community College v. Katz,* 546 U.S. 356, 362 (2006) ("Bankruptcy jurisdiction, at its core, is *in rem*."). That is, the confirmed Plan is

a binding determination as to all potential claimants of the liquidation and distribution of a *res* comprised of the property of the Debtor's bankruptcy estate. *Gardner v. New Jersey,* 329 U.S. 565, 574 (1947) ("The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a *res.*"); 8 Collier on Bankruptcy, ¶ 1141.02 (Alan N. Resnick and Henry J. Sommer eds., 16th ed. 2010)

    1.5    Pursuant to *§ 503(b)(1)(A)*, administrative expenses include the "actual, necessary costs and expenses of preserving the estate . . . ." The Code is "silent as to the point in time at which the expenses of a debtor in a reorganization case cease to be accorded first priority administrative expense status." *In re Tri-L Corp.,* 65 B.R. 774, 777 (Bankr. D. Utah 1986) (citing *In re Frank Meador Buick, Inc.,* 59 B.R. 787, 791 (Bankr. W.D. Va. 1986)).

    1.6    In many cases, claims that accrue post-confirmation cannot be classified as administrative expenses because the estate ceases to exist upon confirmation; therefore, there is no estate to preserve. *In re WorldCom, 401 B.R. at 651* (citing *In re Frank Meador Buick Inc.,* 65 B.R. 200, 203 (W.D. Va. 1986)).

    1.7    An estate typically ceases to exist beyond plan confirmation because pursuant to *11 U.S.C. § 1141(b)* "except as provided in the plan or the order confirming the plan, the confirmation of a plan vests all property of the estate in the debtor. In this particular case the plan upon confirmation of this case there was no longer an estate.

    1.8    On March 30, 2016 the Reorganized Debtor file its First Amended Post Confirmation Modification to the Plan of Reorganization. (Docket #344 as supplemented in Docket #353)

1.9 On June 2, 2016, The Municipality of San Juan filed a motion requesting the payment of accrued municipal tax Liability pursuant to the provisions of section 503 of title 11 and the provisions of the First Amended Post Confirmation of the Reorganization Plan Dated March 30, 2016.

1.10 Debtor filed an extension of time to continue negotiations with the Municipality of San Juan and propose payment to the amounts claimed pursuant to their classification and the same was granted by this Honorable Court (Dockets #364 & 366)

1.11 To that effect the undersigned submitted a payment offer as to the amounts owed pursuant to their classification, taking in consideration that any amounts due for a tax period after the date of the order of confirmation are not an administrative expense.

1.12 As of the date of this motion the undersigned has not received a reply regarding the offer and thus respectfully pray that a period of time of no less than fourteen (14) days be granted in order to ascertain the position of the Municipality regarding the offer and once approved it will be incorporated in the documents before the Court.

WHEREFORE, MILLENNIUM INSTITUTE FOR ANC, INC., very respectfully prays that the present motion be entertained by this Honorable Court and that an extension of not less than fourteen (14) days be granted in order to ascertain the position or acceptance of the proposed offer by the Municipality of San Juan and for any other and further relief as it may seem just and proper.

I HEREBY CERTIFY, that on this same date I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which will send notification to the following, U.S. Trustee's Office, Municipality of San Juan through counsel of record and any other party that has requested notice and all other CM/ECF participant creditors.

## **NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk=s office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 8th day July 2016

s/ Isabel M Fullana
García- Arregui & Fullana PSC
252 Ponce de León Ave. Ste 1101
Citibank Towers
San Juan, PR 00918
Tel. 787-766-2530
Fax. 787-756-7800
Email isabelfullana@gmail.com